## HUYKE v. ARRESE.

### APPEAL from the District Court of San Juan.

No. 119.—Decided June 7, 1907.

POSSESSION—EFFECTS THEREOF—THIRD PARTIES.—The provisions of article 455 of the Civil Code are not applicable to persons possessing the character of third parties by reason of acquisition under the Mortgage Law.

ID. — ACCESSION BY IMPROVEMENT, PLANTING OR CULTIVATION — QUASI CONTRACTS.—The provisions of articles 370, 1056 and 1788 of the Civil Code are not applicable to those cases in which the owner of improvements makes them as the owner of the realty and not as the mere possessor thereof, and therefore a quasi contract cannot be deemed to exist between him and a third party subsequently acquiring the property.

ID.—ENTRY OF NOTICE OF ATTACHMENT—AWARD OF PROPERTY ATTACHED.—The facts in the case at bar are as follows: In an action prosecuted by A against B, the property of B was awarded to A when a notice of attachment had been previously entered in favor of C. The same property having been awarded to C and the award thereof to A having been canceled, A made a demand upon C for the value of the improvements made on the property, basing his claim on the provisions of sections 445, 370, 1056 and 1788 of the Civil Code. *Held:* That C is a third party who acquired the property under the Mortgage Law, and is not bound to pay for the value of such improvements, and that although A possessed the property in good faith and has a right to be reimbursed for the necessary expenses incurred by him in connection with the property, he nevertheless has no action against C.

The facts are stated in the opinion.

*Mr. Lassalle* for appellant.

*Mr. Sarmiento* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action of greater import prosecuted in the former court of first instance of Guayama by Enrique Huyke against the Estate of Sebastian Massanet, for the recovery of 10,500 *pesos,* there was awarded to the plaintiff by order of July 5, 1898, among other property, a rural estate containing nine and one-half *cuerdas* of land and a house the lower part of which is of masonry and the upper story of which is of frame, said estate being situated in *barrio* "Cuatro Calles" of the town of Arroyo, and in addition an iron-roofed masonry house, situated on Marina Street of the same town, both awards having been recorded in the registry of property of Guayama, that of the rural estate on January 3, 1899, and that of the house on February 8 of the same year.

Prior to the award of both estates to Enrique Huyke— that is to say, as far back as March 14, 1898—a cautionary notice of the attachment thereof had been entered in the registry of property of Guayama, in execution proceedings instituted in the former court of first instance of the San Francisco district of this capital by Esteban Arrese against the commercial firm of Massanet & Vidal, for the recovery of 6,500 *pesos.* Judgment ordering a public sale to be made under date of July 5, 1898, in said proceedings was rendered when the two estates in question were awarded to the execution creditor, Arrese, in part payment of his credit, the award having been recorded in the registry of property of Guayama on September 7, 1900.

As it appeared in said registry that the record of the award in favor of Huyke had been made subsequently to the cautionary notice of attachment of the same property in the said registry, the District Court of San Juan, on May 15, 1900, at the instance of Arrese, ordered that Enrique Huyke be notified of the award made to Arrese for the purposes of

article 71 of the Mortgage Law, in case he should desire to redeem such property within the term of 10 days; and, having failed to do so, the court, at the request of Arrese, on the 30th of June following, ordered the cancellation of the record of·the award made in favor of Huyke, which was done.

During the time that Huyke was in possession of the estates, which later became the property of Arrese, the cyclone of San Ciriaco, which occurred on August 8, 1899, caused considerable damage thereto, Huyke having spent, he alleges, the sum of 2,189.79 *pesos* provincial money, in repairing the damage suffered.

For the purpose of securing the recovery of said sum Enrique Huyke brought an action in the District Court of Humacao on August 8, 1901, against Esteban Arrese, of which action the District Court of San Juan later took cognizance, and by judgment of November 30 of last year held that the facts and the law were in favor of the defendant and against the plaintiff, and therefore dismissed the complaint and directed that the plaintiff obtain or recover nothing from the defendant, with the costs against the former.

This judgment has come to us on appeal taken by counsel for Huyke, and said appeal is now pending the decision of this Supreme Court after the briefs and the oral arguments of both parties have been considered.

Although counsel for Enrique Huyke has raised a number of legal points in support of the appeal, as a matter of fact the only legal question to be decided by us is whether the provisions of article 453 of the former Civil Code, which is the equivalent of section 455 of the Code in force, are applicable to this case in favor of Huyke and against Arrese.

This article reads as follows:

"Necessary expenses are refunded to every possessor; but only the possessor in good faith may retain the thing until such expenses are made good to him.

"Useful expenses are refunded to the possessor in good faith with the same right of retention, it being at the option of the party who

has defeated him in his possession to refund the amount of the expenses or to pay the increase in the value of the thing in consequence of such expenses.''

We admit that Enrique Huyke possessed in good faith and under a title of award the two estates involved in these proceedings, and as a consequence of that possession in good faith there is no doubt that Huyke is entitled to be reimbursed for the necessary and useful expenses incurred on the estates in question; but we hold that we cannot demand such reimbursement of Esteban Arrese.

There has been no question of possession whatsoever between Huyke and Arrese which has been decided in favor of the latter; the award of the estates to Huyke was canceled in the registry of property, and therefore it ceased to have any legal existence the moment the cancellation was made; Arrese did not acquire the estates from Huyke but from the firm of Massanet & Vidal, against which he directed execution proceedings for the recovery of a debt of 6,500 *pesos,* and with the estates he acquired by award he also acquired the improvements and paid the value of the same thereunder. These improvements were not for the benefit of Arrese but of the defendant firm of Massanet & Vidal, which thus paid Arrese a part of what it owed him.

There was no real lien upon the estates acquired by Arrese in favor of Huyke, and therefore he cannot be compelled to reimburse a sum which, as a lien, encumbered said estates. The action to obtain said reimbursement is purely personal, and such action cannot be derived from the mere fact that Arrese has become the owner for a valuable consideration of the estates upon which the improvements were made.

In support of the doctrine set forth we may cite the decision of the Supreme Court of Spain of June 28, 1899, which in a similar case decided that the provision of law quoted did not apply because third persons were involved, as Arrese now is, who had acquired under the provisions of the Mortgage Law.

The allegations made by the appellant as to the violation of articles 361, 1089 and 1887 of the former Civil Code, which are the equivalents of sections 370, 1056 and 1788 of the Code in force, the first of said articles relating to accessions through building, sowing, or planting in good faith on lands belonging to another, and the last two relating to quasi-contracts, do not apply at all to the case at bar, because when the plaintiff was building on or repairing the two estates in question he was doing so on property which he possessed as his own under a title of award which was subsequently canceled by judicial order, and because at that time there was no possibility of his entering into a quasi-contract with Esteban Arrese, who acquired said property much later.

For the reasons stated, the judgment appealed from should be affirmed, with the costs of the appeal also against the appellant, Enrique Huyke.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.